No. DA 06-0178

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 114N

_____

TERI JANE LEE,

      Plaintiff and Respondent,

   v.

CHRISTOPHER VAUGHN LEE,

      Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eleventh Judicial District,
                     In and for the County of Flathead, Cause No. DR-04-043(B),
                     The Honorable Ted O. Lympus, Presiding Judge.

COUNSEL OF RECORD:

      For Appellant:

          Christopher Lee (pro se), Shelby, Montana

      For Respondent:

          Michael H. Keedy, Henning & Keedy, Kalispell, Montana

_____

Submitted on Briefs:  April 4, 2007

Decided:  May 8, 2007

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Christopher V. Lee (Christopher) appeals from the Findings of Fact, Conclusions of Law, and Decree of Dissolution issued by the Eleventh Judicial District Court, Flathead County, terminating his marriage to Respondent Teri J. Lee (Teri) and distributing the parties' marital estate. We affirm.

¶3 Teri filed a petition for dissolution on January 21, 2004. Teri was represented by counsel throughout the proceedings. Christopher originally proceeded *pro se*, but apparently retained the services of attorney Kenneth Wesson to represent him. Attorney Wesson filed a notice of appearance on December 9, 2005. Attorney Wesson immediately filed a motion for continuance on Christopher's behalf of the trial set for December 14, 2005. Attorney Wesson noted that he had recently been retained by Christopher's family and that he had not even spoken to Christopher. Christopher was incarcerated at that time and remains incarcerated today. The District Court granted the continuance and rescheduled the trial for January 27, 2006.

¶4 Teri appeared at trial with counsel. Christopher made no appearance. Christopher alleges that Attorney Wesson absconded with the retainer provided by his family and that

he has had no further contact with Attorney Wesson. The court awarded Teri primary care of the parties' four minor children, ranging in age from 6 to 12. The court ordered Christopher to pay child support in the amount of $406 per month. The court also divided the parties' marital estate, including assets and debts. The court issued its decree on January 27, 2006.

¶5 Christopher timely filed a notice of appeal on February 24, 2006, from "the final judgment entered in this action on the 27th of January, 2006." Christopher, proceeding *pro se* on appeal, argues that he filed a motion pursuant to M. R. Civ. P. 60(b) to set aside the judgment in the District Court. He claims that he appeals from the District Court's denial of his Rule 60(b) motion. Christopher has failed to provide a copy of the District Court's order denying his motion and our review of the record reveals no indication that Christopher ever filed such a motion pursuant to Rule 60(b) or that the court ever addressed such a motion. It appears, therefore, that based on the language in Christopher's notice of appeal, and from our review of the record that Christopher, in fact, appeals from the District Court's order dissolving his marriage to Teri and distributing the marital estate.

¶6 We review a district court's division of marital property to determine whether the findings upon which the district court relied are clearly erroneous. *In re Marriage of Clark*, 2003 MT 168, ¶ 7, 316 Mont. 327, ¶ 7, 71 P.3d 1228, ¶ 7. Findings are clearly erroneous if they are not supported by substantial evidence, the court misapprehends the effect of the evidence, or this Court's review of the record convinces us that a mistake has been made. *In re Marriage of Schmieding*, 2003 MT 246, ¶ 14, 317 Mont. 320, ¶ 14,

77 P.3d 216, ¶ 14. We will affirm the district court's distribution of property absent an abuse of discretion if the findings are not clearly erroneous. *Clark*, ¶ 7. The test for abuse of discretion in a dissolution proceeding is whether the district court "acted arbitrarily without employment of conscientious judgment," or whether the district court "exceeded the bounds of reason resulting in a substantial injustice." *Clark*, ¶ 7.

¶7     We have determined to decide this case pursuant to Section 1, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings of fact, the legal issues are clearly controlled by settled Montana law that the District Court correctly interpreted, and that there was no abuse of discretion by the District Court.

¶8     We affirm the judgment of the District Court.


                                        /S/ BRIAN MORRIS


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

4